FILED
United States Court of Appeals
Tenth Circuit

September 30, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GUSTAVO BARRERA-ESTRADA,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

No. 15-2093
(D.C. Nos. 2:14-CV-00562-RB-LAM
and 5:12-CR-02006-RB-6)
(D.N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.

In his written plea agreement to various federal crimes, Mr. Barrera-Estrada

waived his right to appeal or collaterally attack his conviction and sentence with

one exception: he retained the right to challenge the effectiveness of his counsel

in negotiating or entering the plea or waiver. Despite the terms of the plea deal,

Mr. Barrera-Estrada soon brought a 21 U.S.C. § 2255 motion alleging that his

trial counsel was ineffective not in negotiating or entering the plea or waiver but

in failing to object to a pre-sentencing report and failing to obtain a downward

departure of his sentence. A magistrate judge and then a district judge denied Mr.

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Barrera-Estrada's § 2255 motion as well as his later request for a certificate of appealability, reasoning in extensive opinions that the motion was barred by the terms of his plea agreement. Mr. Barrera-Estrada now renews his COA request before us, but we see in his papers nothing to suggest error in the work of the magistrate judge or district judge and we adopt their views as our own. 28 U.S.C. § 2253. Further, to the extent Mr. Barrera-Estrada seeks for the first time on appeal to challenge counsel's performance in connection with negotiating the plea agreement, he failed to do so before the district court and a litigant generally may not pursue arguments in this court that he did not pursue in that one first. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1127-31 (10th Cir. 2011). The request for a COA is denied and the appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge